UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Larry Williams, #94203,<br><br>       Plaintiff,<br><br>vs.<br><br>Warden W. Thompson; Major Nettles; Lt Owens, as shift; Capt Al Coxte; Warden Hunter; S. Jones, Mail Room Staff,<br><br>       Defendants. | ) C/A No.: 3:10-2392-MBS-JRM<br>)<br>)<br>)<br>)<br>)<br>) Report and Recommendation<br>)<br>)<br>)<br>)<br>) |

  Plaintiff, a prisoner proceeding *pro se*, files this matter pursuant to 42 U.S.C. § 1983. Plaintiff is incarcerated at the Lieber Correctional Institution, a facility run by the South Carolina Department of Corrections (SCDC). Plaintiff complains that a letter from his attorney was received by Lieber Correctional mail personnel on July 21, 2010, but was not delivered to him until July 23, 2010. A copy of the letter is attached to plaintiff's complaint. The letter advises the plaintiff that he will be notified as soon as his attorneys receive a hearing date. Plaintiff states the late delivery of his mail violates SCDC's policy that any legal or certified mail that has been received by the institution will be delivered at the same time the "general" mail is delivered, but no later than twenty-four (24) hours after receipt. Plaintiff seeks damages.

  Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989); *Haines v. Kerner*,

404 U.S. 519, 92 S.Ct. 594 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. §1915(e)(2)(B)(I), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. at 31. Hence, under 28 U.S.C. §1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte. Neitzke v. Williams*, 490 U.S. 319 (1989).

This court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97, 97 S. Ct. 285 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 101 S. Ct. 173 (1980)*(per curiam)*. Even under this less stringent standard, however, the *pro se* petition is subject to summary dismissal. The mandated liberal construction afforded *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

It is clear that prisoners have a constitutionally protected right of access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 821 (1977); *Ex parte Hull*, 312 U.S. 546, 549 (1941). The courts agree, however, that a prisoner must allege that the delay in delivering legal mail caused a legal action to be dismissed or caused a court to sanction an inmate in some fashion. *See Woodfin v. Johnson*, No. 88-7100, 861 F.2d 267 (4th Cir. October 19,1988)(Table) *citing King v. Atiyeh*, 814 F.2d 565, 568 (9th Cir.1987); *Hoppins v. Wallace*, 751 F.2d 1161, 1162 (11th Cir.1985);and *Twyman v. Crisp*, 584 F.2d 352, 359 (10th Cir.1974) (per curiam). *See also Chandler v. Couglin*, 763 F.2d 110 (2d Cir.1985) (reversing the granting of summary judgment where harm shown). Thus, consistent with these precedents, the law in this Circuit requires a showing of some adverse consequences flowing from a delay in delivering mail. Such a rule fully protects valid claims and concurrently, discourages frivolous claims. *Woodfin v. Johnson*, 861 F.2d at 267.

In the instant matter, the letter which plaintiff provides clearly shows that no court date has been set for the plaintiff. Thus, plaintiff has failed to allege any adverse consequences from the 24 hour delay in receiving his legal mail.

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez, supra; Neitzke v. Williams, supra; Haines v. Kerner, supra; Todd v. Baskerville, supra*, 712 F.2d at 74; 28 U.S.C. § 1915(e)(2)(B); and 28 U.S.C. § 1915A [the court shall review, as soon

as practicable after docketing, prisoner cases to determine whether they are subject to any grounds for dismissal].

                                          Joseph R. McCrorey
                                          United States Magistrate Judge

November 8, 2010
Columbia, South Carolina

***<u>The plaintiff's attention is directed to the important notice on the next page.</u>***

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).