IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Larry Williams, #94203, | ) | |
| | ) | C.A. No. 3:10-2392-MBS |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| Warden W. Thompson, Major Nettles, Lt. | ) | |
| Owens, Capt. Al Coxte, Warden Hunter, | ) | |
| and S. Jones, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Larry Williams, proceeding *pro se*, filed the within action pursuant to 42 U.S.C. §
1983 on September 16, 2010 against Warden W. Thompson, Major Nettles, Lt. Owens, Capt. Al
Coxte, Warden Hunter, and S. Jones.  Plaintiff is currently housed at Lieber Correctional Institution.
In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to
United States Magistrate Judge Joseph R. McCrorey for pretrial handling.  On November 8, 2010,
Plaintiff was granted leave to proceed *in forma pauperis*.  That same day, the Magistrate Judge
issued a Report and Recommendation recommending that Plaintiff's complaint be dismissed for
failure to state a claim upon which relief can be granted.  On November 22, 2010, Plaintiff filed
objections to the Report and Recommendation.  On December 3, 2010, Plaintiff filed an additional
request for relief.

**BACKGROUND**

In his complaint, Plaintiff alleges that mail room personnel at Lieber Correctional Institution
received a letter for Plaintiff from his attorney on July 21, 2010, but did not deliver the letter to
Plaintiff until July 23, 2010.  Plaintiff attached a copy of the letter to his complaint.  The letter,

which is dated June 15, 2010, informed Plaintiff that he would be notified by his attorney as soon as he received a hearing date.  Plaintiff contends that the delay in the delivery of his mail violated South Carolina Department of Corrections policy that any legal or certified mail for an inmate will be delivered no later than twenty-four hours after it is received by an institution.  Plaintiff also contends that the delay in the delivery of his mail violated his due process rights.  Plaintiff seeks damages.  In Plaintiff's additional request for relief, he states that the hearing referenced in his attorney's letter was held on October 27, 2010, and that he was taken to court for the hearing.  Entry 10 at 3.

## DISCUSSION

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight and the responsibility for making a final determination remains with this court.  *Mathews v. Weber*, 423 U.S. 261, 270 (1976).  The court is charged with making a *de novo* determination on any portions of the Report and Recommendation to which a specific objection is made.  *Id.*  The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge.  28 U.S.C. § 636(b)(1).  The district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations.  *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

The Magistrate Judge indicated that this case should be dismissed for failure to state a claim under 42 U.S.C. § 1983 because Plaintiff did not allege that he suffered adverse consequences to his case, which is a requirement to state a denial of access to the courts claim.  *See Woodfin v. Johnson*, 861 F.2d 267,  (4th Cir. 1988)(Table)(adopting the requirement of a showing of some adverse

consequences flowing from a delay in delivering mail for access to courts claims). In his objections, Plaintiff does not take issue with this reasoning, but instead argues that he has been deprived of his due process rights and that he should be granted relief. In support of his claim for relief, Plaintiff contends that "the institution was not on no lockdown," Entry 9 at 1, and that "it was not no weekend and no holiday," Entry 10 at 2. These objections do not direct the court to a specific error in the Magistrate Judge's Report and Recommendation. Nevertheless, the court has conducted a *de novo* review of the issue and concludes that the Magistrate Judge has properly applied the applicable law. *See White v. White*, 886 F.2d 721, 723 (4th Cir. 1989) (a cause of action for a delay of legal mail requires allegation of detriment or adverse consequences resulting from the purported deprivation of meaningful access to the courts); *Carter v. Hutto*, 781 F.2d 1028, 1031-32 (4th Cir. 1986) (a cause of action for destruction of legal mail requires allegations of important or irreplaceable nature of the mail in question and detriment suffered by the ensuing deprivation of meaningful access to the courts).

## CONCLUSION

Based upon the foregoing, the court adopts the Report and Recommendation and incorporates it herein by reference. Accordingly, Plaintiff's complaint is summarily dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/ Margaret B. Seymour
The Honorable Margaret B. Seymour
United States District Judge

January 13, 2011
Columbia, South Carolina

3